**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| LITTLE RIVER HEALTHCARE HOLDINGS, LLC, *et al.* | § § § § | Case No. 18-60526-rbk |
| Debtors.[1] | § § § | (Jointly Administered) |

**UNOPPOSED MOTION FOR ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. § 362(d) AUTHORIZING RELIEF FROM THE
AUTOMATIC STAY TO CONTINUE PENDING CONFIDENTIAL ARBITRATION**

**Expedited relief has been requested. Subject to court approval, a hearing will be conducted on this matter on August 28, 2018, at 2:00 p.m. at the United States Bankruptcy Court for the Western District of Texas, in Courtroom No. 1, Third Floor, 615 East Houston Street, San Antonio, Texas 78205.**

TO THE HONORABLE RONALD B. KING, UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtor Rockdale Blackhawk, LLC d/b/a Little River Healthcare ("***Little River***") and its affiliated debtors and debtors-in-possession (collectively, the "***Debtors***") file this motion (the "***Motion***") pursuant to section 105(a) and 362 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 4001, 9013, 9014, and 9019(c) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rules 4001, 9013, and 9014 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "***Local Rules***"), for entry of an order, substantially in the form attached hereto (the "***Proposed Order***"), authorizing relief from the automatic stay to continue a pending arbitration between Little River and Blue Cross and Blue Shield of Texas ("***BCBS***") (Little River and BCBS are sometimes

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Compass Pointe Holdings, LLC (1142), Little River Healthcare Holdings, LLC (7956), Timberlands Healthcare, LLC (1890), King's Daughters Pharmacy, LLC (7097), Rockdale Blackhawk, LLC (0791), Little River Healthcare - Physicians of King's Daughters, LLC (5264), Cantera Way Ventures, LLC (7815), and Little River Healthcare Management, LLC (6688). The Debtors' mailing address is 1700 Brazos Ave, Rockdale, TX 76567.

4838-0668-0432.7

1

collectively referred to hereinafter as the "*Parties*"). In support of the Motion, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On July 24, 2018 (the "*Petition Date*"), each of the Debtors commenced cases under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Cases*"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

3. A description of the Debtors' businesses and the reasons for commencing the Chapter 11 Cases is set forth in the *Declaration of Ronald Winters in Support of First Day Motions* [Doc. # 20], which was filed on the Petition Date.

## RELIEF REQUESTED

4. By this Motion, and pursuant to section 362(d) of the Bankruptcy Code, the Bankruptcy Rules and Local Rules referenced hereinabove, the Debtors seek entry of the Proposed Order granting relief from the automatic stay so that the Parties may continue the pending Arbitration. Granting this Motion will aid in the liquidation of the Parties' respective claims against each other. As set forth below in more detail, the relief sought herein will not

prejudice the Debtors' or any party in interest's otherwise applicable rights and claims. Further, BCBS does not oppose the Debtors' request to lift the stay.

## THE PENDING ARBITRATION[2]

5. On or about March 5, 2018, Little River initiated an arbitration proceeding (the "*Arbitration*") before the American Arbitration Association asserting claims against BCBS. BCBS disputes these claims and filed a general denial on March 19, 2018. On June 29, 2018, BCBS filed its Confidential Counterclaim to Little River Healthcare's Confidential Demand for Arbitration. Little River disputes BCBS's allegations and on July 13, 2018, Little River filed a general denial to BCBS's counterclaims.

6. The claims and counterclaims asserted in the Arbitration are non-core proceedings pursuant to title 28 U.S.C. § 157(b).

7. The liquidation of the Parties' claims in the Arbitration will have an impact on the administration of the estate.

## CAUSE EXISTS TO LIFT THE AUTOMATIC STAY

8. Section 362(a)(1) of the Bankruptcy Code provides for an automatic stay of the commencement or continuation of judicial, administrative, and other actions against a debtor that has filed for relief under chapter 11. *See* 11 U.S.C. § 362. The purpose of the automatic stay is to "provide a debtor with a breathing spell and prevent harassment and frustration of rehabilitation efforts through pursuit by creditors..." *In re Good*, 428 B.R. 235, 241 (Bankr. E.D. Tex. 2010). "The automatic stay is designed to protect the debtor by effecting 'an immediate freeze of the status quo at the outset of the [C]hapter 11 proceedings.'" *Id.*

---

[2] As the Arbitration proceeding itself is confidential, Debtors are not filing anything in this Motion that would compromise the confidentiality of the Arbitration. Should the Court desire additional information, Debtors can provide it either at the hearing on this Motion or in a supplemental filing made under seal.

4838-0668-0432.7

9. Bankruptcy Code Section 362(d)(1) provides that the bankruptcy court may grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d). "Cause is an intentionally broad and flexible concept, made so in order to permit the courts to respond in equity to inherently fact-sensitive situations ('the facts of each request will determine whether relief is appropriate under the circumstances')." *In re Sentry Park, Ltd.,* 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988), *citing* H. Rep. No. 595, 95th Cong., 1st Sess. 344 (1977).

10. The Bankruptcy Court for the Northern District of Texas has noted the multiple and diverse tests utilized by various courts in deciding whether to lift the automatic stay. Some courts have utilized a twelve factor test while others have utilized a seven factor test. Others have resorted to a mixture of those factors, while still others have applied a narrow range of factors to each case. *In re Choice ATM Enters.,* 2015 Bankr. LEXIS 689, *7 (Bankr. N.D. Tex. March 4, 2015).

11. Even among bankruptcy courts in the Fifth Circuit, no single approach prevails. *In re Choice ATM Enters.*, 2015 Bankr. LEXIS at *7, *11. One court focused solely on whether lifting the stay would be a "great prejudice" to the estate or debtor and whether the hardship suffered by the movant "considerably outweighs" the hardship to the debtor by continuing the stay. *In re Fowler*, 259 B.R. 856, 860 (E.D. Tex. 2001). Other courts have lifted the stay on judicial economy grounds alone. *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014); *In re U.S. Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994). Another court did not specifically enumerate any one factor to consider but simply "balance[d] the hardships of the parties." *Mooney v. Gill*, 310 B.R. 543, 546-47 (N.D. Tex. 2002).

12. Ultimately, the decision whether to grant relief from the automatic stay is left to the discretion of the bankruptcy court and decided on a case by case basis. *In re Choice ATM*

*Enters.*, 2015 Bankr. LEXIS at *12. In that case, the bankruptcy court considered whether: (i) judicial economy was better achieved in continuing the district court litigation or estimating claims in bankruptcy court; (ii) either forum avoided unnecessary expense and delay, (iii) the claim is critical to the success or failure of the reorganization, and (iv) the nature of the claim requires expertise beyond the capabilities of the bankruptcy court. *In re Choice ATM Enters.*, 2015 Bankr. LEXIS at *12, *13.

13. A balancing of the factors in the case *sub judice* weighs substantially in favor of granting relief from the automatic stay to continue the Arbitration. The most relevant and compelling factors at issue are that (i) the interests of judicial economy will be served as the litigation in the Arbitration, which involves non-core claims and counterclaims, has been pending before the Arbitration panel since March 2018 and the Arbitration panel is familiar with the facts and circumstances; (ii) once the Arbitration panel issues a decision, the Parties' respective claims against the other will be fully resolved in the Arbitration resulting in the necessary and inevitable liquidation of the Parties' claims; (iii) Little River believes, though BCBS disputes, that Little River has a substantial likelihood of success on the merits on both its claims and BCBS's counterclaims; (iv) proceeding with the Arbitration will not interfere with the Debtors' Chapter 11 Cases nor prejudice other creditors in any way as the claims at issue are discrete, non-core claims; and (v) permitting the Arbitration to continue will preserve estate resources by preventing the estate from having to litigate claims in the Chapter 11 Cases that have already been asserted in the Arbitration.

14. Likewise, in the Fifth Circuit, there is a strong policy favoring arbitration under the Federal Arbitration Act (the "***FAA***"). "The FAA directs courts rigorously to enforce agreements to arbitrate, even if a party opposing arbitration is asserting a statutory claim."

*Gandy v. Gandy* (*In re Gandy*), 297 F.3d 489, 494 (5th Cir. 2002). "A court must stay its proceedings if it is satisfied that an issue before it is arbitrable under the agreement." *Id*. "This statutory directive, however, may be overridden by a contrary congressional command. *Id*. at 494-95. While the Fifth Circuit has held that a bankruptcy court has discretion to decline to enforce an arbitration provision where the provisions would compel the arbitration of core proceedings, *Ins. Co. of N. Am. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp.* (*In re Nat'l Gypsum Co.*), 118 F.3d 1056, 1068 (5th Cir. 1997), the bankruptcy court "has no discretion to refuse to compel the arbitration of matters not involving 'core' bankruptcy proceedings under 28 U.S.C. § 157(b)." *In re Gandy*, 299 F.3d at 495.

15. In the Fifth Circuit, a core proceeding is "one that 'invokes a substantive right provided by [T]itle 11 or … is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *Special Value Continuation Partners, L.P. v. Jones (In re Special Value Continuation Partners, L.P.)*, 2011 Bankr. LEXIS 4475, at *8 (Bankr. S.D.Tex. Nov. 15, 2011) (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). In *Special Value Continuation Partners*, Judge Isgur found that the underlying state court lawsuit claims of fraud and negligent misrepresentation did not invoke a substantive right under title 11, nor could those claims only arise in the context of a bankruptcy case. *In re Special Value Continuation Partners, L.P.*, 2011 Bankr. LEXIS 4475, at *8. Here, the claims at issue in the Arbitration are based on the same or similar state law grounds, and are therefore non-core pursuant to 28 U.S.C. § 157(b). As such, this Court has no specialized skills or interests that would necessitate the transfer of the claims from the Arbitration into the bankruptcy cases.

16. Based on the foregoing circumstances, facts and legal authority, the Debtors assert that cause for granting relief from the automatic stay in this matter to allow the

4838-0668-0432.7

6

Arbitration to continue exists under Section 362(d)(1) of the Bankruptcy Code. Further, the Debtors request that the Court's order be effective upon entry, and that the 14 day stay period provided under Rule 4001(a)(3) not apply.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

DATED: August 17, 2018
Austin, Texas

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: */s/ Morris D. Weiss*
Morris D. Weiss
Texas Bar No. 21110850
100 Congress Ave., Suite 1800
Austin, Texas 78701
Telephone: (512) 685-6400
Facsimile: (512) 685-6417
Email: morris.weiss@wallerlaw.com

-and-

Tyler N. Layne (admitted *pro hac vice*)
Courtney K. Stone (admitted *pro hac vice*)
Texas Bar No. 24093208
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: tyler.layne@wallerlaw.com
courtney.stone@wallerlaw.com

PROPOSED COUNSEL FOR DEBTORS

4838-0668-0432.7