**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| LITTLE RIVER HEALTHCARE | § | Case No. 18-60526-rbk |
| HOLDINGS, LLC, *et al.* | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**INTERIM APPLICATION OF THE LAW OFFICES OF RYAN DOWNTON, AS SPECIAL COUNSEL TO THE TRUSTEE FOR THE DEBTORS, FOR COMPENSATION OF PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 1, 2019 THROUGH MARCH 31, 2020**

**If you object to the relief requested, you must respond in writing, specifically answering each paragraph of this pleading. Unless otherwise directed by the court, you must file your response with the clerk of the bankruptcy court within 21 days from the date you were served with this pleading. You must serve a copy of your response on the person who sent you the notice; otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE RONALD B. KING
UNITED STATES BANKRUPTCY JUDGE:

The Law Offices of Ryan Downton ("***Downton***"), special counsel for the Trustee for the above-captioned Debtors (the "***Trustee***")[2] in the Debtor's Chapter 7 Cases (as defined below), submits this Interim Fee Application for Compensation of Professional Services Rendered and Reimbursement of Expenses for the period October 1, 2019, through March 31, 2020 (the "***Application***") and requests (i) approval of fees earned in the amount of $32,680.00 and expenses

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Compass Pointe Holdings, LLC (1142), Little River Healthcare Holdings, LLC (7956), Timberlands Healthcare, LLC (1890), King's Daughters Pharmacy, LLC (7097), Rockdale Blackhawk, LLC (0791), Little River Healthcare - Physicians of King's Daughters, LLC (5264), Cantera Way Ventures, LLC (7815), and Little River Healthcare Management, LLC (6688). The Debtors' mailing address was 1700 Brazos Ave, Rockdale, TX 76567.

[2] The Debtors were debtors in possession from the July 24, 2018 until December 7, 2018 when these cases were converted to proceedings pursuant to chapter 7.

incurred in the amount of $0, totaling $32,680.00; and (ii) authority to receive payment of amounts not yet received, including 100% of fees from October 1, 2019 through March 31, 2020.

In total, Downton seeks payment approval in this Application for a total amount of $32,680.00 representing currently unpaid fees and expenses, but excluding unpaid invoices previously approved by the Court. As detailed herein and summarized in the Fee Application Summary attached hereto as **Exhibit A**, Downton expended 172.0 hours, at an hourly rate of $190.00 (plus an expected contingency fee of 10% of any arbitral award in excess of $47.755 million) in representation of the Trustee during the Application Period (as defined below). In support, Downton respectfully states as follows:

For the Court's edification, separate from, and addition to, the fees and expenses sought herein for this Application Period, Downton is still owed an additional $151,071.69 in fees, which have all been submitted in prior fee applications and approved by the Court in prior orders, further outlined in Section II – Relevant Background – of this Fee Application.

### I. JURISDICTION & VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. RELEVANT BACKGROUND

2. On July 24, 2018 (the "***Petition Date***"), each of the Debtors commenced cases under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***"). The Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Cases were converted to cases under Chapter 7 of the Bankruptcy Code on December 7, 2018. No request for the appointment of a trustee or examiner

was made in the Chapter 11 Cases. An Official Committee of Unsecured Creditors (the "Committee") was appointed by the United States Trustee on August 21, 2018.

3. A description of the Debtors' businesses and the reasons for commencing the Chapter 11 Cases is set forth in the Declaration of Ronald Winters in Support of First Day Motions [Doc. # 20], which was filed on the Petition Date.

4. On November 30, 2018, the Debtors filed a Motion to Convert Debtor's Chapter 11 Cases to Chapter 7 Cases Pursuant to 11 U.S.C. § 1112 [Doc. #501]. On December 7, 2018, Chief U.S. Bankruptcy Judge Ronald B. King entered an Order converting the Chapter 11 Cases to Chapter 7 [Doc. # 547].

5. The Court approved the retention of the Law Offices of Ryan Downton as special counsel for the Trustee in the Chapter 7 Cases by an order entered April 18, 2019 [Doc. # 887]. The Court approved an amendment to the retention of the Law Offices of Ryan Downton as special counsel to the Trustee by an order entered September 17, 2019 [Doc. #1006] (the "***Retention Order***"). A copy of the Retention Order is attached hereto as **Exhibit B**.

6. Downton submitted its first Interim Fee Application for Compensation of Professional Services Rendered and Reimbursement of Expenses (the "First Interim Fee Application") for the period February 8, 2019 through September 30, 2019 on October 4, 2019. The First Interim Fee Application was approved on October 30, 2019 [Doc. No. 1034].

7. This Application covers the period from October 1, 2019 through March 31, 2020 (the "***Application Period***"). Downton has submitted to the Notice Parties Monthly Fee Statements, with attached detailed invoices, for January 2020, February 2020, and March 2020.

8. As of the date of this Application and for this Application Period, Downton has been paid zero dollars in interim payments authorized by the Order Establishing Interim

3

Compensation and Reimbursement of Expenses for Trustee and Professionals [Doc. No. 785] (the "Interim Compensation Order"). All currently due invoices not previously approved by the Court are being provided as part of this Application.

9. No other applications for compensation of fees and reimbursement of expenses have been filed by Downton since the First Interim Fee Application was filed.

10. Separate from, and in addition to, the fees and expenses sought in this Fee Application for this Application Period, there are still an additional $151,074.69 in fees that have yet to be paid by the Trustee to Downton for the period set forth in the Court's previously approved First Interim Fee Application.

11. The Fee Application Summary required by Rule 2016(a)(1) of the Local Bankruptcy Rules is attached hereto as **Exhibit A**.

12. All professional services for which Downton requests compensation and allowance in this Application were performed for the period from October 1, 2019 through March 31, 2020, for and on behalf of the Trustee. No agreement or understanding exists between Downton and any other person with respect to sharing of compensation sought herein, except that the compensation approved by the Court will be shared among Downton's partners, associates, and personnel as authorized under the Bankruptcy Code.

13. The Trustee has reviewed and approved this Application.

### III. SUMMARY OF COMPENSATION REQUESTED

14. Downton submits this Application pursuant to 11 U.S.C. § 330 for approval of the following amounts for professional services rendered and for reimbursement of expenses actually and necessarily incurred by Downton in the representation of the Trustee during the Application Period of October 1, 2019 through March 31, 2020. Downton has submitted monthly fee and expense statements ("*Monthly Fee Statements*") to the Notice Parties during the Application

Period, and all such Monthly Fee Statements are included in this Final Application. Set forth below is a summary of the fees and expenses requested in each of the monthly fee statements for the Application Period.

| Period Covered | 100 Percent of Fees | 80 Percent of Fees | 100 Percent of Expenses | Total Amount of Fees and Expenses Paid |
|---|---|---|---|---|
| January 2020 | $4,104.00 | $3,283.20 | $0 | $0 |
| February 2020 | $15,447.00 | $12,357.60 | $0 | $0 |
| March 2020 | $13,129.00 | $10,503.20 | $0 | $0 |
| Total | $32,680.00 | $26,144.00 | $0 | $0 |

14. The following is a summary of the Downton professionals who have worked on these chapter 11 cases and for whom Downton seeks compensation. The summary includes each professional's name, position, time expended, hourly billing rate and fees incurred as part of the total amount of compensation requested herein.

| Timekeeper | Position | Rate/Hour | Total Hours | Total Fees |
|---|---|---|---|---|
| Ryan Downton | Partner | $380 | 172.0 | $32,680.00 |
| Total | | | 172.0 | $32,680.00 |

15. The Compensation Support Exhibit and Reimbursement Support Exhibit required by Rule 2016(a)(2) and (3) of the Local Bankruptcy Rules is given in the form of the Downton's monthly fee statements for the Application Period. These statements are attached hereto as **Exhibit C**.

16. The fees sought by this Application reflect a total of 172.0 hours of attorney and paraprofessional time spent in rendering services for the Trustee and the Debtors' estates during the Application Period, at a blended average rate of $190.00.

17. When factoring in the hybrid nature of Downton's retention, the rates charged by Downton for services rendered by attorneys in these cases are the same as the rates charged by Downton attorneys on similar matters. Accordingly, and based on such rates, the value of the professional services rendered during the Application Period by Downton for the Trustee totals

$32,680.00 plus a contingency fee as set forth in the fee agreement previously approved by this Court.

18. Expenses incurred on behalf of the Trustee during the Application Period total $0. All of these expenditures represent necessary and reasonable costs incident to the performance of Downton's services to the Trustee. The details of the expenses incurred by Downton in connection with work for the Trustee cases are itemized in the Monthly Statements attached as **Exhibit C**.

## IV. SERVICE RENDERED, EXPENSES INCURRED, AND RELIEF REQUESTED

19. Downton requests this Court to allow on a final basis, and approve compensation for Downton by the estates in the amount of $32,680.00 for professional fees and $0 for reimbursable expenses, for a total of $32,680.00 in fees and expenses during the Application Period.

20. During the Application Period, Downton performed necessary services and incurred out-of-pocket disbursements for the Trustee. Detailed invoice statements of the services rendered during the Application Period are attached hereto as **Exhibit C**. Downton performed work in the following areas under the ABA Bankruptcy Code Set, a summary of which is set forth below:

21. **B110 Case Administration**. Downton spent a total of 4.0 hours and $760.00 in the category "Case Administration," which includes time spent preparing for hearings, reviewing and preparing agendas, corresponding with other professionals regarding filings, preparing for conference calls, and other tasks not otherwise included in any other billing category.

22. **B150 Meetings and Communications with Interested Parties**. Downton spent a total of 3.3 hours and $627.00 in the category "Meetings and Communications with Interested Parties," which includes time spent working with the Trustee and other interested parties as it relates to Downton's other tasks.

6

23. **B160 Employment and Fee Applications**. Downton spent a total of 0 hours and $0 in the category "Employment and Fee Applications," which includes time reviewing and revising monthly invoices for privilege, and preparing and filing monthly and interim fee applications.

24. **B190 Other Contested Matters**. Downton spent a total of 164.7 hours and $31,293.00 in the category "Other Contested Matters," which includes matters relating to the disputes not otherwise included in other categories, including the BCBSTX dispute.

25. When factoring the hybrid nature of Downton's retention, the rates charged by Downton for services rendered by attorneys in these cases are the same as the rates charged by Downton attorneys on similar matters. Accordingly, and based on such rates, the value of the professional services rendered during the Application period by Downton for the Trustee totals $32,680.00 plus a contingency fee equal to 10% of the ultimate arbitral award in excess of $47.755 million.

26. Expenses incurred on behalf of the Trustee during the Application Period total $0. All of these expenditures represent necessary and reasonable costs incident to the performance of Downton's services to the Trustee. The details of the expenses incurred by Downton in connection with work for the Trustee are itemized in the Monthly Statements attached as **Exhibit C**.

27. In addition, the out-of-pocket disbursements for which reimbursement is sought were actual, reasonable and necessary costs Downton incurred while representing the Trustee. Expenses are itemized in detailed in portions of **Exhibit C** attached hereto.

28. Downton has made every effort to minimize its expenses in this case. The expenses incurred in the rendition of professional services are necessary, reasonable and justified under the circumstances to serve the needs of the Debtor.

## V. LEGAL STANDARDS AND APPLICATION OF GUIDELINES

29. Bankruptcy Courts have suggested various factors to consider in awarding compensation in a bankruptcy case. *See*, *e.g.*, *Johnson v. Georgia Highway Express, Inc.*, 874 F.2d 714 (5th Cir. 1974). Downton's fees and expenses, as requested in this Application, are reasonable based on the following considerations, as outlined in *In re Pilgrim's Pride,* 690 F.3d 650, 656 (5th Cir. 2012).

30. <u>Time and Labor Required</u>. The time spent assisting, representing and advising the Trustee in special litigation matters during the Application Period totals 172.0 hours. The number of hours spent in these cases were reasonable, given the size and complexity of the Payor Disputes and the significant number of issues raised and matters contested. The details of the specific time entries, found in **Exhibit C**, reflect the reasonableness of the compensation being requested. All of the services identified were necessary to assist the Trustee in navigating litigation issues during their reorganization.

31. <u>Novelty and Difficulty of Work</u>. The situation surrounding the Trustee's litigation issues associated with the Payor Disputes required a specialized understanding and approach. Care has been taken to avoid duplication of effort and to employ professionals whose expertise is of the requisite level to perform the services required.

32. <u>Experience, Reputation and Ability of Attorneys</u>. Downton is highly reputable, possesses the ability adequate to perform the tasks outlined in this Application, and has worked on specialized issues in disputes similar in size and scope to those in the Payor Disputes. The attorneys who provided the bulk of the services in this case for the Application Period possess specialized skills in complex litigation to merit the award of the requested fees.

33. <u>Skill Required</u>. Representation of the Trustee in these complex Payor Disputes has required a specialized degree of skill and experience. Downton believes it has demonstrated the

skills required to achieve results on behalf of the Trustee in these disputes. Substantial skills have been required in the form of negotiation ability and knowledge of complex litigation.

34. Preclusion of Other Employment. While the Trustee asked Downton to work full time on this matter through the conclusion of post-hearing brief, limiting his ability to take on other substantial engagements, Downton is no longer working on this matter full time and it does not preclude other employment.

35. Customary Fees. Downton's professional services on behalf of the Trustee were necessary. All fees charged for Downton's professionals were reasonable and are, in combination with his contingency fee agreement, in line with the rates charged on similar matters, without considering size, degree of responsibility, difficulty, complexity, and results achieved.

36. Whether the Fees are Fixed or Contingent. The fees requested in this Application have been calculated at normal hourly rates charged by Downton, as adjusted for the hybrid nature of the arrangement, and, in combination with the contingency fee agreement, are in line with those charged for similar work in this jurisdiction.

37. Time Limitation and Other Factors. Downton performed certain services on an expedited basis depending on the deadlines of this Court, the Trustee, and other parties.

38. Undesirability of the Cases. This factor has no applicability in these cases.

39. Results Obtained. Excellent results have been obtained with the Final Award from the arbitrator expected no later than June 10, 2020.

40. Nature, Length and Professional Relationship with Client. Downton has been employed by the Trustee since February 2019.

41. <u>Fees Awarded in Similar Cases</u>. As more fully described above, Downton submits that its services to the Trustee fully warrant the fees requested herein under the factors identified by the Fifth Circuit and as are awarded in similar cases in the Western District of Texas.

## VI. NOTICE

42. As provided in the Compensation Procedures Order, this Application is being filed with the Court and served on the Notice Parties identified in the Compensation Procedures Order and listed in the certificate of service below. The Trustee submits that no other or further notice is required.

## **CONCLUSION**

WHEREFORE, premises considered, the Trustee requests that the Court allow and authorize, on a final basis, legal fees in the amount of $32,680.00 and reimbursable expenses in the amount of $0, for a total of $32,680.00 in fees and expenses during the Application Period incurred by Downton for the Application Period, and grant any other legal or equitable relief to which Downton may be entitled.

DATED: May 1, 2020.

Respectfully submitted,

LAW OFFICES OF RYAN DOWNTON

By: /s/ Ryan Downton
Ryan Downton
Texas Bar No. 24036500
6607 Canon Wren Dr.
Austin, TX 78746
Telephone: (512) 680-7947
Email: rdownton1@gmail.com
SPECIAL COUNSEL FOR TRUSTE

**CERTIFICATION PURSUANT TO UNIFORM RULES, EXHIBIT H, SECTION I.G**

I hereby certify that I have (1) read this Application; (2) to the best of my knowledge, information and belief, the compensation and expense reimbursement sought is in conformity with the Guidelines for Compensation and Expense Reimbursement for Professionals, except as may be specifically noted in the Application; and (3) the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by Downton and generally accepted by the Downton's clients.

By: */s/ Ryan Downton*
Ryan Downton

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing document has been served electronically on those parties receiving the Court's ECF service (as indicated on the attached service list) as an exhibit to the Application, and upon all other parties on the attached service list **by email** or United States mail on May 1, 2020.

| | |
|---|---|
| **Chapter 7 Trustee**<br>James Studensky<br>Chapter 7 Trustee<br>3912 W Waco Drive<br>Waco, TX 76710<br>Jstudensky.trustee@outlook.com | Vinson & Elkins, LLP<br>Attn: Bill Wallander<br>Trammell Crow Center<br>2001 Ross Avenue, Suite 3700<br>Dallas, TX 75201-2975<br>bwallander@velaw.com |
| **U.S. Trustee**<br>Office of the United States Trustee<br>Attn: Deborah A. Bynum<br>903 San Jacinto, Room 230<br>Austin, TX 78701 | Graves Dougherty Hearon & Moody, PC<br>Attn: Brian T. Cumings<br>bcumings@gdhm.com |
| Reed Smith LLP<br>Attn: Lloyd A. Lim<br>811 Main Street, Suite 1700<br>Houston, TX 77002<br>llim@reedsmith.com | |

                                                        /s/ Ryan Downton<br>                                                        Ryan Downton

## SERVICE LIST – ECF PARTIES ONLY

**Counsel to Debtor**
Waller Lansden Dortch & Davis, LLP
Attn: Morris D. Weiss
100 Congress Avenue, Suite 1800
Austin, TX 78701
*(via ECF/email)*
morris.weiss@wallerlaw.com

Waller Lansden Dortch & Davis, LLP
Attn: Tyler N. Layne, Courtney K. Stone
511 Union Street, Suite 2700
Nashville, TN 37219
*(via ECF/email)*
tyler.layne@wallerlaw.com;
courtney.stone@wallerlaw.com

**Counsel to the Official Committee of Unsecured Creditors**
Norton Rose Fulbright US LLP
(Counsel to the Official Committee of Unsecured Creditors)
Attn: Michael M. Parker, Ryan E. Manns
300 Convent Street, Suite 2100
San Antonio, TX 78205
*(via ECF/email)*
michael.parker@nortonrosefulbright.com;
ryan.manns@nortonrosefulbright.com

**United States Trustee**
Office of the U.S. Trustee
Attn: Shane P. Tobin
903 San Jacinto, Suite 230
Austin, TX 78701
*(via ECF)*

**Chapter 7 Trustee**
James Studensky
Chapter 7 Trustee
3912 W. Waco Drive
Waco, Texas 76710
*(via ECF)*
jstudensky.trustee@outlook.com

**Counsel for Trustee**
Graves Dougherty Hearon & Moody, P.C.
Attn: Brian T. Cumings
401 Congress Ave., Suite 2700
Austin, Texas 78701
*(via ECF/email)*
bcumings@gdhm.com

**Special Counsel for Trustee**
Law Offices of Ryan Downton
Attn: Ryan Downton
6607 Canon Wren Dr.
Austin, TX 78746
*(via ECF/email)*
rdownton1@gmail.com

**Governmental Entities**
Texas Attorney General's Office
Attn: J. Casey Roy, Assistant Attorney General
Bankruptcy & Collections Div.
PO Box 12548-MC 008
Austin, TX 78711-2548
*(via ECF/email)*
casey.roy@oag.texas.gov

Texas Comptroller Of Public Accounts
Revenue Accounting Division
Bankruptcy Section
PO Box 13528
Capital Station
Austin, TX 78711
*(via ECF/email)*
ptad.cpa@cpa.texas.gov; bk-kwalsh@oag.texas.gov
bankruptcy.section@cpa.texas.gov

Texas Health and Human Services Commission
Attn: J. Casey Roy
Assistant Attorney General
Bankruptcy & Collections Div.
PO Box 12548-MC 008
Austin, TX 78711-2548
*(via ECF/email)*
casey.roy@oag.texas.gov

**30 Largest Unsecured Creditors**
Compass Bank
Richard J. Cinclair, Jr., Esq.
5335 Spring Valley Road
Dallas, TX 75254
*(via ECF/email)*
rick@tcblawfirm.com

GE Healthcare Financial Services
c/o Kutak Rock LLP
Attn: Lisa Peters
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
*(via ECF/email)*
lisa.peters@kutakrock.com

Hing-Sheung Eugene Fung, M.D., P.A.
c/o Naman Howell Smith & Lee PLLC
Attn: Kerry Haliburton
400 Austin Ave Suite 800
Waco, TX 76701
*(via ECF/email)*
haliburton@namanhowell.com

**Official Committee of Unsecured Creditors**
Patient Care Ombudsman
Mesch, Clark & Rothschild, PC.
(Patient Care Ombudsman)
Attn: Susan N. Goodman
259 N. Meyer Avenue
Tucson, AZ 85701-1090
*(via ECF/email)*
sgoodman@mcrazlaw.com;
doesterle@mcrazlaw.com;
ecfbk@mcrazlaw.com

Parties Requesting Notice
Clark Hill Strasburger
(Counsel to Kelly Tjelmeland, M.D., KTMSC Holdings, LLC, KTMSC Management, LLC, and Meridian Surgery Center, LLC)
Attn: Duane J. Brescia
720 Brazos, Suite 700
Austin, TX 78701
*(via ECF/email)*
duane.brescia@clarkhillstraburger.com

Fishman Jackson Ronquillo PLLC
(Counsel to Cerner Health Services, Inc.)
Attn: Mark Ralston
13155 Noel Road, Suite 700
Dallas, TX 75240
*(via ECF/email)*
mralston@fjrpllc.com

Goodrich Postnikoff & Associates, LLP
(Counsel to Itxtend, LLC)
Attn: Kevin G. Herd
801 Cherry Street, Suite 1010, Unit 15
Fort Worth, TX 76102
*(via ECF/email)*
kherd@gpalaw.com

Gray Reed & McGraw LLP
(Counsel to Pharmerica Hospital Pharmacy Services, LLC)
Attn: Jason S. Brookner, Attn: Amber M. Carson
1601 Elm Street, Suite 4600
Dallas, TX 75201
*(via ECF/email)*
jbrookner@grayreed.com;
acarson@grayreed.com

Haley & Olson, P.C.
(Counsel to Bauer Brothers Investments, LLC)
Attn: Blake Rasner
100 N. Ritchie Road, Suite 200
Waco, TX 76712
*(via ECF/email)*
brasner@haleyolson.com

Haynes and Boone, LLP
(Counsel to GA HC Reit II Killeen Mob, LLC, GA HC Reit II Temple Mob, LLC)
Attn: Matthew T. Ferris
2323 Victory Avenue, Suite 700
Dallas, TX 75219
*(via ECF/email)*
matt.ferris@haynesboone.com

Hunton Andrews Kurth LLP
(Counsel to Boston Heart Diagnostics Corp.)
Attn: Gregory G. Hesse, Allison Jacobsen
1445 Ross Avenue, Suite 3700
Dallas, TX 75202-2799
*(via ECF/email)*
ghesse@hunton.com;
ajacobsen@hunton.com

Husch Blackwell LLP
(Counsel to Central Texas Urology GP)
Attn: Lynn H. Butler
111 Congress Avenue, Suite 1400
Austin, TX 78701
*(via ECF/email)*
lynn.butler@huschblackwell.com

J. Scott Douglass (pro se)
Attorney at Law
1811 Bering Dr., Suite 420
Houston, TX 77057
*(via ECF/email)*
jsd@aol.com

Kay D. Brock
(Counsel to Travis County)
P.O. Box 1748
Austin, TX 78767
*(via ECF/email)*
kay.brock@traviscountytx.gov

Linebarger Goggan Blair & Sampson, LLP
(Counsel to Bexar County)
Attn: Don Stecker
711 Navarro Street, Ste. 300
San Antonio, TX 78205
*(via ECF/email)*
sanantonio.bankruptcy@publicans.com

Linebarger Goggan Blair & Sampson, LLP
(Counsel to McLennan County & Limestone County)
Attn: Diane W. Sanders
P.O. Box 17428
Austin, TX 78760-7428
*(via ECF/email)*
austin.bankruptcy@publicans.com

McCreary, Veselka, Bragg & Allen, P.C.
(Counsel to Bell TAD, et al. & County of Bastrop, TX)
Attn: Tara Leday
P.O. Box 1269
Round Rock, TX 78680
*(via ECF/email)*
tleday@mvbalaw.com

McGuire, Craddock & Strother, P.C.
(Counsel to BBL Construction Services, LLC)
Attn: J. Mark Chevalier
2501 N. Harwood, Suite 1800
Dallas, TX 75201
*(via ECF/email)*
mchevallier@mcslaw.com

Mel Smith, Esq.
(Counsel to Classic Bank, N.A.)
4201 Cypress Creek Parkway, Suite 195
Houston, TX 77068
*(via ECF/email)*
mel@mlsesq.com

Naman, Howell, Smith & Lee, PLLC
(Counsel to Hing-Sheung Eugene Fung, M.D., P.A.)
Attn: Kerry L. Haliburton
P.O. Box 1470
Waco, TX 76703-1470
*(via ECF/email)*
haliburton@namanhowell.com

Pakis Giotes Page & Burleson, P.C.
(Counsel to Central Texas Pathology Laboratory, P.A.)
Attn: David C. Alford
P.O. Box 58
Waco, TX 76703-0058
*(via ECF/email)*
alford@pakislaw.com

Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
(Counsel to Cameron Independent School District)
Attn: John T. Banks
3301 Northland Drive, Suite 505
Austin, TX 78731
*(via ECF/email)*
jbanks@pbfcm.com

Porter Hedges LLP
(Counsel to Brazos Valley Women Center, P.A.)
Attn: Joshua W. Wolfshohl, Aaron J. Power
1000 Main Street, 36th Floor
Houston, TX 77002
*(via ECF/email)*
jwolfshol@porterhedges.com;
apower@porterhedges.com

Reed Smith LLP
(Counsel to Blue Cross and Blue Shield of Texas)
Attn: Lloyd A. Lim, Rachel I. Thompson
811 Main Street, Suite 1700
Houston, TX 77002-6110
*(via ECF/email)*
llim@reedsmith.com; rithompson@reedsmith.com

Ruggero Law Firm PC
(Counsel to Houston County Hospital District)
Attn: Peter C. Ruggero
1411 West Avenue, Suite 200
Austin, TX 78701
*(via ECF/email)*
peter@ruggerolaw.com

Savrick Schumann Johnson McGarr Kaminski & Shirley, LLP
(Counsel to Greenfield and Fortenberry, LLC)
Attn: Mitchell D. Savrick
4330 Gaines Ranch Loop, Suite 150
Austin, TX 78735
*(via ECF/email)*
mitchell@ssjmlaw.com

Sherry Law, LTD.
(Counsel to Old Town Square, LLC)
Attn: Keith Sherry, Esq.
3104 Barton Point Drive
Austin, TX 78733
*(via ECF/email)*
ksherry@sherrylawltd.com

Sneed, Vine & Perry, P.C.
(Counsel to River Place Estates, LLC)
Attn: Charles L. Eppright
900 Congress Avenue, Suite 300
Austin, TX 78701
*(via ECF/email)*
ceppright@sneedvine.com

Vinson & Elkins LLP
(Counsel to Monroe Capital Management, LLC)
Attn: William L. Wallander, Bradley Foxman, Matthew J. Pyeatt
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
*(via ECF and/or email)*
bwallander@velaw.com;
bfoxman@velaw.com;
mpyeatt@velaw.com

Walsh Gallegos Trevino Russo & Kyle P.C.
(Counsel to Rockdale Independent School District)
Attn: Christina L. Garcia
10375 Richmond Avenue, Suite 1357
Houston, TX 77042
*(via ECF)*
cgarcia@wabsa.com

Shipman & Goodwin LLP
(Counsel to United Healthcare Insurance Company and United Healthcare of Texas, Inc.)
Attn: Eric S. Goldstein
1 Constitution Plaza
Hartford, CT 06103
*(via ECF)*
egoldstein@goodwin.com

Streusand Landon Ozburn & Lemmon LLP
(Counsel to Georgetown OB-Gyn LLC)
Attn: Stephen Wayne Lemmon, Rhonda B. Mates
1801 S. MoPac Expressway, Suite 320
Austin, TX 78746
*(via ECF and/or email)*
lemmon@slollp.com;
mates@slollp.com

Crady Jewett McCulley & Houren
(Counsel to Brownstone Properties-Collinsville LLC)
Attn: Shelley B. Marmon
2727 Allen Parkway, Suite 1700
Houston, Texas 77019-2125
*(via ECF/email)*
smarmon@cjmhlaw.com

Fultz Maddox Dickens P.C.
(Counsel for PharMerica Hospital Pharmacy Services, LLC)
Attn: Phillip A. Martin
101 South Fifth Street, 27th Floor
Louisville, KY 40202
*(via ECF/email)*
pmartin@fmdlegal.com

DuBois, Bryant & Campbell, LLP
(Counsel for Jeffrey P. Madison)
Attn: Seth E. Meisel
303 Colorado Street, Suite 2300
Austin, Texas 78701
*(via ECF/email)*
smeisel@dbcllp.com

Langley & Banack, Inc.
(Counsel for GE HFS, LLC)
Attn: Sara Murray, David Gragg
745 E. Mulberry, Suite 700
San Antonio, TX 78212
*(via ECF and/or email)*
smurray@langleybanack.com;
dgragg@langleybanack.com

Lewis Rice LLC
(Counsel for Brownstone Properties-Collinsville LLC, DKK Enterprises and Eastport Illinois, LLC)
Attn: Larry Edward Parres
600 Washington Ave., Suite 2500
St. Louis, MO 63101
*(via ECF/email)*
lparres@lewisrice.com

Jackson Walker LLP
(Counsel for Providence Health Services)
Attn: Patricia Brown Tomasco
1401 McKinney Street, Suite 1900
Houston, TX 77010
*(via ECF)*
pattytomasco@quinnemanuel.com

Saul Ewing Arnstein & Lehr LLP
(Counsel for Alcon Laboratories, Inc.)
Attn: Sean P. Williams
161 N. Clark St., Ste. 4200
Chicago, IL 60601
*(via ECF)*
sean.williams@saul.com

Bernstein-Burkley
(Counsel for Beckman Coulter, Inc.)
Attn: Keri Pluck Ebeck
707 Grant Street
Suite 2200 Gulf Tower
Pittsburgh, PA 15219
*(via ECF)*
kebeck@bernsteinlaw.com

Stromberg Stock, PLLC
(Counsel for JSW Diversified LLC)
Attn: Brett S Field
Northpark Center
8750 N Central Expwy, Ste 625
Dallas, TX 75240
*(via ECF)*
brett@strombergstock.com

Dickinson Wright, PLLC
(Counsel for ARHC SCTEMTX01, LLC)
Attn: Mario Franke
221 North Kansas
Suite 2000
El Paso, TX 79901
*(via ECF)*
mfranke@dickinsonwright.com

Epiq Corporate Restructuring, LLC
(Counsel for Epiq Bankruptcy Solutions, LLC)
Attn: Sidney Joseph Garabato
777 Third Avenue 12th Floor
New York, NY 10017
*(via ECF)*
sgarabato@epiqsystems.com

Johnson DeLuca Kurisky & Gould, P.C.
(Counsel for Enterprise Fleet Services, LLC)
Attn: George A. Kurisky, Jr.
1221 Lamar, Suite 1000
Houston, TX 77010
*(via ECF)*
gkurisky@jdkglaw.com

Kell C. Mercer, PC
(Counsel for Capital Partners Financial Group USA, Inc.)
Attn: Kell C. Mercer
1602 E Cesar Chavez St
Austin, TX 78702
*(via ECF)*
kell.mercer@mercer-law-pc.com

Polsinelli PC
(Counsel for St. David's Ortho, Neuro and Rehab, PLLC)
Attn: Andrew J. Nazar
400 West 48th Place
Suite 900
Kansas City, MO 64112
*(via ECF)*
anazar@polsinelli.com

FisherBroyles, LLP
(Counsel for Plains State Bank)
Attn: Lisa A. Powell
2925 Richmond Ave, #1200
Houston, TX 77098
*(via ECF)*
lisa.powell@fisherbroyles.com

Wick Phillips
(Counsel for Harney Management Partners LLC)
Attn: Jason M. Rudd
3131 McKinney Ave., Suite 100
Dallas, TX 75204
*(via ECF)*
jason.rudd@wickphillips.com

Whitaker Chalk Swindle & Schwartz
(Counsel for Pronto Computing, LLC)
Attn: Robert A. Simon
301 Commerce Street
Suite 3500
Ft. Worth, TX 76102
*(via ECF)*
rsimon@whitakerchalk.com

Bell Nunnally & Martin LLP
Attn: David A. Walton
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
*(via ECF)*
dwalton@bellnunnally.com

Jackson Walker, L.L.P.
(Counsel for Ascension Medical Group – Texas)
Attn: Jennifer Francine Wertz
100 Congress Avenue, Suite 1100
Austin, TX 78701
*(via ECF)*
jwertz@jw.com