**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| LITTLE RIVER HEALTHCARE | § | Case No. 18-60526-rbk |
| HOLDINGS, LLC, *et al.* | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |
| _____ | § | Adv. Proc. No. |
| | § | |
| Rockdale Blackhawk, LLC d/b/a Little River | § | |
| Healthcare, | § | _____ |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| HealthCare Service Corporation d/b/a | § | |
| Blue Cross & Blue Shield of Texas, | § | |
| Defendant | § | |

**ROCKDALE BLACKHAWK, LLC D/B/A LITTLE RIVER HEALTHCARE'S**
**<u>APPLICATION TO CONFIRM AN ARBITRATION AWARD</u>**

Comes now, James Studensky, Trustee for Debtor Rockdale Blackhawk, LLC d/b/a Little River Healthcare ("Little River") and, pursuant to TEX. CIV. PRAC. & REM. CODE §171.086 and §171.087 and Bankruptcy Rules of Civil Procedure 7001, et. seq., files this Application to Confirm an Arbitration Award ("Application") in favor of Little River. The award was issued by the Honorable Harriet O'Neill of the American Arbitration Association pursuant to an arbitration agreement between Little River and Health Care Services Corporation d/b/a Blue Cross & Blue Shield of Texas ("BCBSTX") and is in the amount of $108,341,934.10 against BCBSTX.[2] In further support of its Application, Little River respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Compass Pointe Holdings, LLC (1142), Little River Healthcare Holdings, LLC (7956), Timberlands Healthcare, LLC (1890), King's Daughters Pharmacy, LLC (7097), Rockdale Blackhawk, LLC (0791), Little River Healthcare - Physicians of King's Daughters, LLC (5264), Cantera Way Ventures, LLC (7815), and Little River Healthcare Management, LLC (6688). The Debtors' mailing address was 1700 Brazos Ave, Rockdale, TX 76567.
[2] Justice O'Neill has directed BCBSTX to pay $10,894,685 of the total award to the Texas Department of Insurance. Additionally, the $108,341,934.10 reflects prejudgment interest through June 10, 2020. Little River will work with

LITTLE RIVER HEALTHCARE'S APPLICATION TO      1
CONFIRM AN ARBITRATION AWARD

## I. PARTIES

1. Plaintiff Little River is a Texas limited liability company and also one of the debtors in this case. When it was operational, its principal place of business was 1700 Brazos Ave., Rockdale, Texas 76567. As it is a debtor in this proceeding, Little River's estate is managed by the duly appointed bankruptcy trustee, James Studensky.

2. Defendant BCBSTX is an Illinois Mutual Legal Reserve Company with its principal place of business at 300 E. Randolph St., Chicago, Illinois 60601. BCBSTX provides health insurance to businesses and individual insureds in the State of Texas.

## II. PROCEDURAL BACKGROUND

3. Little River filed for arbitration against BCBSTX before the American Arbitration Association on March 5, 2018.

4. On September 17, 2018, Little River submitted its First Amended Demand for Arbitration, which amended prior demands submitted on May 2, 2018, and March 5, 2018.

5. On June 29, 2018, BCBSTX submitted its Counterclaims.

6. An arbitration hearing was conducted before former Texas Supreme Court Justice Harriett O'Neill, as sole arbitrator, from August 5, 2019 through August 16, 2019. The parties participated in post-hearing briefing and Justice O'Neill issued an Interim Award on January 21, 2020. Following post-interim award briefing on the topics of an appropriate award of interest, attorneys' fees, and costs, Justice O'Neill issued a Final Award on May 6, 2020. The Final Award is attached hereto as **Exhibit A** (with payment terms redacted, pursuant to the terms of the Final Award).

---

BCBSTX to calculate the updated amount of the Final Award based on the award date of May 6, 2020 and make any other ministerial adjustments that may be necessary.

### III. APPLICATION FOR CONFIRMATION

7. Little River now files this application, pursuant to Texas Civil Practice & Remedies Code § 171.087 seeking confirmation of the Final Award and issuance of a final judgment. Pursuant to the Texas Civil Practices & Remedies Code §171.082, a court may require an application for confirmation to:

(1) show the jurisdiction of the court;

(2) have attached a copy of the agreement to arbitrate;

(3) define the issue subject to arbitration between the parties under the agreement;

(4) specify the status of the arbitration before the arbitrators; and

(5) show the need for the court order sought by the applicant.[3]

Each element is discussed briefly below.

**A.     Jurisdiction and Venue**

8. Federal Rules of Bankruptcy Procedure 7003 and 5005(a) require "a complaint commencing an adversary proceeding be filed with the court in which the case under the [Bankruptcy] Code is pending…."[4] This Court has jurisdiction over a proceeding to confirm an arbitration award in favor of a debtor pursuant to 28 U.S.C. §1409(a)[5] and under 28 U.S.C. §1332(a) because Little River and BCBSTX are citizens of different states and the amount in controversy exceeds $75,000. This matter arises in and under a bankruptcy core proceeding pursuant to 28 USC § 157.

---

[3] TEX. CIV. PRAC. & REM. CODE §171.082.
[4] Fed. R. Bankr. P. 7003.
[5] 28 U.S.C. §1409(a) ("Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.").

9. Additionally, the arbitration occurred pursuant to the Texas Arbitration Act,[6] conferring jurisdiction on this court. Specifically, TEX. CIV. PRAC. & REM. CODE § 171.096(d) provides, "if a proceeding is pending in a court relating to arbitration of an issue subject to arbitration under an agreement before the filing of the initial application, a party must file the initial application and any subsequent application relating to the arbitration in that court."[7] TEX. CIV. PRAC. & REM. CODE §171.082(a) further provides, "[t]he filing with the clerk of the court of an application for an order under this chapter, including a judgment or decree, invokes the jurisdiction of the court."[8] Finally, TEX. CIV. PRAC. & REM. CODE §171.081, "confers jurisdiction on the court to enforce the [arbitration] agreement and to render judgment on an award under this chapter."[9] Venue is also proper in this Court because the district courts in the Western District of Texas automatically refer matters affecting the bankruptcy estate to the bankruptcy court.[10]

10. BCBSTX has consented to jurisdiction in this Court by virtue of the arbitration agreement between the parties invoking the "commercial rules and regulations of the American Arbitration Association," including Rule 52(c): "Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."[11]

B. **A Copy of the Agreement to Arbitrate**

11. A copy of the December 15, 2003 Hospital Contract for PPO/POS Business between the parties (the "PPO Contract") is attached hereto as **Exhibit B** (with payment terms

---

[6] Ex. B, p. EX 0057-0005, PPO Agreement at Article 11(C) ("..any contract interpretation or claim issue … shall be resolved by binding arbitration under the commercial rules of the American Arbitration Association, and in accordance with the Texas General Arbitration Act (Chapter 171 Texas Civil Practice and Remedies Code.").
[7] TEX. CIV. PRAC. & REM. CODE § 171.096(d)
[8] Tex. Civ. Prac. & Rem. Code §171.082(a).
[9] TEX. CIV. PRAC. & REM. CODE §171.081.
[10] *See* W.D. Tex. General Order 13-01.
[11] American Arbitration Association Rule 52(c), found at https://adr.org/sites/default/files/Commercial%20Rules.pdf.

redacted). The agreement to arbitrate was undisputed, is found in Article 11(C), and was further set forth in the Parties' respective pleadings before the AAA Tribunal.[12]

**C. The Subject of the Arbitration**

12. Primarily, the subject of the arbitration was which party breached the various contracts between the parties regarding the provision of laboratory services to BCBSTX insureds, with each party making opposing breach of contract claims. Little River also argued BCBSTX violated the Texas Prompt Payment laws with respect to timely payment, recoupment, and auditing of Little River's claims for payment (the "Prompt Pay Claims"), fraudulently induced Little River, violated the Texas Free Enterprise and Antitrust Act, and violated the Texas Insurance Code provisions regarding deceptive insurance practices. In addition to a breach of contract claim, BCBSTX argued Little River committed fraud with respect to its billing for laboratory services, and engaged in fraudulent inducement. Both parties also made equitable claims, in the alternative, for money had and received.

**D. Status of the Arbitration**

13. As set forth above, arbitration has been completed and Justice O'Neill issued a Final Award on May 6, 2020, attached hereto as **Exhibit A**. Justice O'Neill found in favor of Little River regarding its contractual claims and its Prompt Pay Claims, together with attorneys' fees, interests, and costs in the amount of $108,341,934.10 against BCBSTX.[13] Justice O'Neill

---

[12] Ex. B at p. EX 0057-0005. The PPO Contract covers more than 98% of claims at issue in the arbitration. There are three other contracts that covered the remaining, less than 2%, of claims: a December 15, 2003 Hospital Contract for Traditional Indemnity Business ("Indemnity Contract"); September 15, 2004 Hospital Agreement for HMO Network Participation ("HMO Contract"); and November 15, 2016, Hospital Agreement for Blue Advantage HMO Network Participation ("Blue Advantage Contract") **(collectively, the Other Contracts")**. All of the Other Contracts also contained AAA arbitration provisions. In the interest of brevity, the Other Contracts are not attached hereto, but are part of the Arbitration Record and available at the Court's request.

[13] Justice O'Neill has directed BCBSTX to pay $10,894,685 of the total award to the Texas Department of Insurance. Additionally, the $108,341,934.10 reflects prejudgment interest through June 10, 2020. Little River will work with BCBSTX to calculate the updated amount of the Final Award based on the award date of May 6, 2020.

found against BCBSTX regarding all of its counterclaims, and ordered that it take nothing against Little River.

**E.     Need For a Court Order**

14.     As the arbitration is now complete, Little River applies to confirm the Final Award and "require security for the satisfaction of a court judgment that may be later entered" pursuant to TEX. CIV. PRAC. & REM. CODE §171.086(b).[14]  Pursuant to TEX. CIV. PRAC. & REM. CODE §171.087, the court, "on application of a party, shall confirm the award."[15]  A party does not have to wait for refusal to pay the award to seek confirmation;[16] neither does full payment of the award prevent confirmation.[17]

15.     As there are no grounds for "vacating, modifying, or correcting an award under [TEX. CIV. PRAC. & REM. CODE] Section 171.088 or 171.091," Texas law requires the Court to confirm the award and Little River respectfully requests such an order.[18]

## IV.     REQUEST FOR ENTRY OF JUDGMENT

16.     Pursuant to the TEX. CIV. PRAC. & REM. CODE, "[o]n granting an order that confirms … an award, the court shall enter a judgment or decree conforming to the order…."[19]  Accordingly, Little River moves for judgment in the amount of $108,341,934.10 as set forth in the

---

[14] TEX. CIV. PRAC. & REM. CODE 171.086(b).
[15] TEX. CIV. PRAC. & REM. CODE 171.087.
[16] *McVay v. Halliburton Energy Servs., Inc.,* 688 F.Supp.2d 556, 564 (N.D.Tex. 2010) (holding that "there is no requirement that a party refuse to honor the arbitration award before a court can confirm the award").
[17] *Variable Annuity Life Ins. Co. v. Bencor, Inc.,* No. H–05–1843, 2006 WL 1492249, at *2–4 (S.D.Tex. May 30, 2006) (denying a motion to dismiss and confirming an arbitration award where the party objecting to confirmation did not contest the award, had paid it in full, and did not seek to vacate or modify the award: "Under both the Federal Arbitration Act and the Texas Arbitration Act, if a party applies for a court order confirming an arbitration award, the court-assuming jurisdiction-must confirm the award unless there are grounds for vacating, modifying, or correcting it.").
[18] TEX. CIV. PRAC. & REM. CODE §171.087.
[19] TEX. CIV. PRAC. & REM. CODE §171.092(a).

Final Award,[20] plus an amount to be determined by the Court for "costs of the application and of the proceedings subsequent to the application"[21] and attorneys' fees incurred after the entry of the Final Award. Little River also asks that the judgment reflect interest accrued between May 6, 2020 and the date of the judgment at $21,177.07 per day, representing continuing accrual of $9,320.55 per day in prompt pay penalties and post-award interest on the remainder of the award amount of $11,856.52 per day based on the 5% interest rate as set forth in the Final Award.

17. In the event the Court is not inclined, for any reason, to immediately enter judgment, given the substantial amount of the Final Award, Little River asks the Court to "require security for the satisfaction of a court judgment that may be later entered" by requiring BCBSTX to deposit an amount equal to the Final Award: $108,341,934.10[22] into the registry of the Court.[23] Should BCBSTX elect to timely pay Little River the amount owed under the Final Award, then such security will not be necessary.

Respectfully submitted,

/s/ Brad Thompson
Brad Thompson
State Bar No. 24046968
BThompson@duanemorris.com
Jacob P. Arechiga
State Bar No. 24069309
JArechiga@duanemorris.com
**DUANE MORRIS LLP**
Las Cimas IV
900 So. Capital of Texas Hwy, Suite 300
Austin, TX 78746-5435
Tel.: (512) 277-2247
Fax: (512) 277-2301

---

[20] Justice O'Neill has directed BCBSTX to pay $10,894,685 of the total award to the Texas Department of Insurance. Additionally, the $108,341,934.10 reflects prejudgment interest through June 10, 2020. Little River will work with BCBSTX to calculate the updated amount of the Final Award based on the award date of May 6, 2020.
[21] TEX. CIV. PRAC. & REM. CODE §171.092(b)
[22] The $108,341,934.10 reflects prejudgment interest through June 10, 2020. Little River will work with BCBSTX to calculate the updated amount of the Final Award based on the award date of May 6, 2020.
[23] TEX. CIV. PRAC. & REM. CODE §171.086(b)(4).

Ryan Downton
State Bar No. 24036500
RDownton1@gmail.com
**LAW OFFICES OF RYAN DOWNTON**
6607 Canon Wren Dr.
Austin, Texas 78746
Tel: 512-680-7947

**ATTORNEYS FOR PLAINTIFF
ROCKDALE BLACKHAWK, LLC
D/B/A LITTLE RIVER HEALTHCARE**