# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Little River Healthcare Holdings, *et al.*, | § | Case No. 18-60526-rbk |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |
| Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas, | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | Adv. No. 20-_____ |
| | § | |
| Rockdale Blackhawk, LLC d/b/a Little River Healthcare, and The Texas Department of Insurance, | § | |
| Defendants. | § | |

## COMPLAINT IN INTERPLEADER

Blue Cross and Blue Shield of Texas, an unincorporated division of Health Care Service Corporation, a Mutual Legal Reserve Company ("**BCBSTX**"), as interpleader, files this *Complaint in Interpleader* and respectfully states as follows:

## I.
## JURISDICTION AND VENUE

1. This adversary proceeding arises in and relates to the chapter 7 case of Rockdale Blackhawk, LLC d/b/a Little River Healthcare (the "***Debtor***"), which is a debtor in the above-captioned jointly administered chapter 7 cases.

2. This Court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 1335. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

Page 1

3. Venue is proper under 28 U.S.C. § 1409 because this adversary proceeding arises under title 11 or arises in or relates to the Debtor's pending chapter 7 case.

4. The statutory predicate for the relief requested herein is found at 28 U.S.C. §§ 1335 and 2361, and this action is brought under Federal Rule of Civil Procedure 22, made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7022.

## II.
## PARTIES

5. Blue Cross and Blue Shield of Texas, an unincorporated division of Health Care Service Corporation, a Mutual Legal Reserve Company, is the plaintiff and interpleader in this action.

6. James Studensky, in his capacity as the chapter 7 trustee (the "*Trustee*") for the Debtor and its estate, is a defendant herein. Mr. Studensky has agreed to accept service of process through his counsel Brian T. Cumings, Graves, Dougherty, Hearon & Moody, P.C., 401 Congress Avenue, Suite 2700, Austin, TX 78701.

7. The Texas Department of Insurance ("*TDI*") is a defendant herein. TDI has agreed to accept service of process through its counsel, J. Casey Roy, Office of the Texas Attorney General, Bankruptcy & Collections Division, P. O. Box 12548, Austin, Texas 78711-2548.

## III.
## BACKGROUND

8. The Debtor and certain of its affiliates filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code on July 24, 2018. Their cases were converted to chapter 7 on December 7, 2018, after which the Trustee was appointed in each of their cases as chapter 7 trustee.

9. On September 17, 2018, the Debtor submitted a demand for arbitration of certain claims, including for penalties arising from alleged violations by BCBSTX of the Texas Prompt Payment Laws. The matter was arbitrated before a duly-appointed arbitrator (the "*Tribunal*") in American Arbitration Association Case. No. 01-18-0001-0136 (the "*Arbitration*")

during August 2019. On May 6, 2020, the Tribunal issued its Final Award in the Arbitration.

10. Also on May 6, 2020, Little River filed an application to confirm the Final Award, commencing an adversary proceeding in this Court, styled *Rockdale Blackhawk, LLC v. Blue Cross and Blue Shield of Texas*; Adv. No. 20-06006.

11. As part of the Final Award, the Tribunal found that BCBSTX was liable for certain prompt payment penalties under the Texas Prompt Payment Act and "Little River is entitled to recover $18.9 million under the [Texas Prompt Payment Act]." Final Award at ¶ 142. The Tribunal calculated the amount of the prompt payment penalties to be $18,900,000.00 through the commencement of the final hearing in the Arbitration plus statutory interest at 18% *per annum* continuing to accrue until paid for a total of $21,789,370 (the "**Penalty Portion**") if paid on June 10, 2020.

12. In a section of the Final Award titled "Prompt Pay Penalties, Interest and Payee" the Tribunal addressed the question of to whom the prompt payment penalties must be paid, citing Tex. Ins. Code §§ 1307.137(l) and 843.342(m) and Tex. Admin. Code § 21.2815(5). Final Award ¶ 163. Section 1307.137(l) states that, for prompt payment penalties awarded to an institutional provider like Little River, under that section, "the insurer shall pay 50 percent of the penalty amount computed under this section, including interest, to the institutional provider and the remaining 50 percent of that amount to the Texas Health Insurance Risk Pool." Section 843.342(m) similarly directs that, for a penalty awarded to an institutional provider under that section, "the health maintenance organization shall pay 50 percent of the total penalty amount computed under this section, including interest, to the institutional provider and the remaining 50 percent of that amount to the Texas Health Insurance Risk Pool." Finally, Tex. Admin. Code § 21.2815(5) directs payment "50 percent of the penalty to the institutional preferred provider and 50 percent of the penalty to the Texas Health Insurance Pool until its dissolution, and after its dissolution to the department."

13. In connection with its findings that BCBSTX was liable for payment of the the Penalty Portion, the Tribunal stated that "under the clear

terms of the statute and the Commissioner's authority, the Tribunal awards 50 percent of the penalties and interest to the department" and, accordingly, concluded that "Little River shall have and recover from BCBSTX" an amount equal to 50% of the Penalty Portion," and that "BCBSTX shall pay a like amount to the Texas Department of Insurance." Final Award ¶ 163.

14. Subsequent to entry of the Final Award, the Trustee has taken the position that the Trustee has legal and/or equitable interests in the Disputed Fund (as defined below) for unreimbursed attorneys' fees and/or other amounts as property of the estate under 11 U.S.C. 541(a) and therefore must be paid to the Trustee, as fiduciary for the Debtor's chapter 7 bankruptcy estate.

15. In conflict with the Trustee's position, TDI takes the position that an amount equal to 50% of the Penalty Portion, or $10,894,685.00 (the "***Disputed Fund***") is not property of the estate under 11 U.S.C. § 541(a) and, pursuant to the Final Award and applicable law, must be paid directly to TDI without first passing through the bankruptcy estate.

16. Based on the foregoing, there is a dispute as to which of the Defendants is entitled to control and direct use of the Disputed Fund, and BCBCTX believes that it faces the possibility of multiple liability with respect to the Disputed Fund as a result. The Defendants' claims are thus adverse and conflicting, and BCBSTX is unable to determine to whom the Disputed Fund properly belongs.

## IV.
## INTERPLEADER

17. Upon entry of an order authorizing deposit of funds in the registry of the Court, BCBSTX will deposit the sum of $10,894,685.00, which is the entire amount of the Disputed Fund, into the registry of the Court on or before June 10, 2020.

18. BCBSTX does not claim an interest in the Disputed Fund, and has filed this action of its own free will to avoid multiple liability and unnecessary costs.

19. Defendants' respective claims against the Disputed Fund, as described above, expose BCBSTX to the potential for multiple liability insofar as there is a dispute as to whom BCBSTX should pay the Disputed Fund.

20. Pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22, it is appropriate and necessary that Defendants be required to interplead their respective claims to the Disputed Fund for determination by the Court.

21. Upon deposit of the Disputed Fund with the registry of the Court, BCBSTX is entitled to be discharged from further liability to Defendants on account of the Disputed Fund. *See*, *e.g.*, *Phillips Petroleum Co. v. Adams*, 513 F.2d 355, 370 (5th Cir. 1975) ("Once a stakeholder makes an unconditional offer to give up possession of a disputed fund, it ceases to exert that dominion over the money sufficient to justify an obligation to pay interest thereon, and the rule is that once such an unconditional tender is made, any liability for interest ceases as of the date of tender."); *State Farm Life Ins. Co. v. Martinez*, 216 S.W.3d 799, 807-08 (Tex. 2007) (holding that interest and penalties do not continue to accrue following a proper interpleader of funds).

## V.
## INJUNCTIVE RELIEF

22. Under 28 U.S.C. § 2361, this Court is empowered in a civil action of interpleader to issue its process for all claimants and to enter its order restraining them from instituting or prosecuting any proceeding in any state or federal court affecting the Disputed Fund, as the property involved in the interpleader action, until further order of the Court. In view of the multiple Defendant-claimants and their competing claims to the Disputed Fund, it is appropriate and necessary that this Court issue an order permanently restraining Defendants from instituting or prosecuting any such actions against BCBSTX that relate to, or affect, the Disputed Fund, subject to further order of the Court.

## VI.
## REQUEST FOR ENTRY OF PROPOSED ORDER

23. BCBSTX requests entry of the proposed Order in Interpleader (the "***Proposed Order***") submitted herewith. BCBSTX is informed that the Trustee is in agreement with the terms of the Proposed Order, including those concerning BCBSTX's interpleader of the Disputed Fund and the discharge of BCBSTX with respect to the Disputed Fund. As of the filing of this *Complaint in Interpleader*, TDI has not indicated its consent to the terms of the Proposed Order.

24. Upon the terms set forth in the Proposed Order, BCBSTX unconditionally offers to and is ready to deposit with the Court the Disputed Fund and neither has, nor claims, any interest in the Disputed Fund.

25. BCBSTX has in no way colluded with any Defendant concerning the matters of this cause. BCBSTX has not been, and upon interpleader of the Disputed Fund and entry of the Proposed Order will not be, indemnified in any manner by any Defendant.

WHEREFORE BCBSTX respectfully requests entry of the Proposed Order; that Defendants be cited to appear and answer, interpleading their claims to the Disputed Fund; and for such relief to which it is justly entitled.

Dated: June 5, 2020
      Dallas, Texas

Respectfully submitted,

REED SMITH LLP

By: */s/ Michael P. Cooley*
Martin J. Bishop (SBN 24086915)
Michael P. Cooley (SBN 24034388)
2501 N. Harwood, Suite 1700
Dallas, Texas 75201
T: 469.680.4200
F: 469.680.4299
mbishop@reedsmith.com
mpcooley@reedsmith.com

*Counsel to Blue Cross and Blue Shield of Texas, an unincorporated division of Health Care Service Corporation*

Page 6