**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 7 |
| | § | |
| **LITTLE RIVER HEALTHCARE** | § | Case No. 18-60526-rbk |
| **HOLDINGS, LLC**, *et al.*, | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

**CHAPTER 7 TRUSTEE'S COMBINED FINAL REPORT AND MOTION TO AUTHORIZE DISBURSEMENTS AND APPLICATION FOR APPROVAL OF TRUSTEE COMPENSATION (RELATING TO THE BANKRUPTCY ESTATE OF <u>DEBTOR CANTERA WAY VENTURES, LLC</u>)**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely response is necessary for a hearing to be held.**

TO THE HONORABLE RONALD B. KING, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW James Studensky (the "Trustee"), the duly appointed and acting chapter 7 trustee in the above-captioned jointly administered bankruptcy cases, and files this his *Combined Final Report and Motion to Authorize Disbursement and Application for Approval of Trustee Compensation (Relating to the Bankruptcy Estate of Debtor Cantera Way Ventures, LLC* (the "Motion"), and in support thereof would respectfully show the Court as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Compass Pointe Holdings, LLC (1142), Little River Healthcare Holdings, LLC (7956), Timberlands Healthcare, LLC (1890), King's Daughters Pharmacy, LLC (7097), Rockdale Blackhawk, LLC (0791), Little River Healthcare - Physicians of King's Daughters, LLC (5264), Cantera Way Ventures, LLC (7815), and Little River Healthcare Management, LLC (6688). The bankruptcy cases of Compass Pointe Holdings, LLC (Case No. 18-60525) and Little River Healthcare Physicians of Kings Daughters, LLC (Case No. 18-60531) were closed on April 11, 2019; all other Debtors' cases remain open.

## I. SUMMARY OF RELIEF REQUESTED

1. One of the bankruptcy estates (the "Limited Estate") being jointly administered herein contained limited assets upon conversion of these cases from Chapter 11 to Chapter 7. Based on the information available to him, the Trustee has liquidated all the available assets in the Limited Estate. Pursuant to the agreement between Trustee and the secured lender in this case [*see* Dkt. No. 942, approved by order at Dkt. No. 973], the Trustee now proposes to make disbursement from the Limited Estate and wishes to obtain approval of his concomitant statutory commission.[2] The Trustee intends for this Motion to serve as his Final Report so that the bankruptcy cases for the Limited Estate can be closed.

## II. JURISDICTION, VENUE, AND STATUTORY BASES

2. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334, and the standing order of reference from the District Court. Venue over this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 326, and 726.

## III. BRIEF BACKGROUND

3. On July 24, 2018 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

4. After notice and a hearing, on December 7, 2018 (the "Conversion Date"), the Court entered an order [Dkt. No. 547] converting the Debtors' bankruptcy cases to chapter 7.

5. The Trustee is the duly appointed and acting Chapter 7 trustee in the above-captioned jointly administered bankruptcy cases.

---

[2] The Trustee is not requesting reimbursement of any expenses from the Limited Estate.

6. Monroe Capital Management Advisors, LLC, as administrative agent (in such capacity, the "Agent"), on behalf of itself and the other lenders (the "Lenders") has at all times relevant to this pleading, claimed valid, enforceable, and allowable claims against the Debtors secured by, among other things, perfected, first-priority priming liens and security interests on substantially all of the Debtors' assets pursuant to, among other things, the *Agreed Order (I) Authorizing Chapter 7 Trustee to (A) Enter Into and Perform Under Settlement Pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 9019, (B) Use Cash Collateral and Grant Adequate Protection, (C) Obtain Post-Petition Financing on a Secured, Superpriority Basis, and (D) Sell Estate Property Free and Clear of All Interests Pursuant to 11 U.S.C. § 363(b) and 363(f), (II) Approving Sale Procedures, and (III) Granting Related Relief* [Dkt. No. 973] (the "Order"). In connection with the Order, Lenders' claims are secured against substantially all assets of the Debtors.

7. Among the Debtors in these proceedings is Cantera Way Ventures, LLC ("Cantera Way"), which had a relatively small number of assets in its estate (the "Limited Estate") upon conversion, to wit several pieces of real property. Lenders' liens extend to the assets in the Limited Estate.

8. The Trustee believes that he has at this point administered all identifiable assets in the Limited Estate. Attached hereto as **Exhibit A** is the Estate Cash Receipts and Disbursements Records for Cantera Way.

9. As reflected in **Exhibit A**, the bankruptcy estate of Cantera Way has cash on hand in the amount of $628,390.65. Out of this $628,390.65, the Trustee proposes to make the following disbursements: 1) $325.00 to the U.S. Trustee for UST quarterly fees; 2) $38,775.00 to Trustee for his statutory Chapter 7 trustee commission; 3) remaining balance of $589,290.65 to be, in

accordance with the Order, disbursed into the bankruptcy estate of Rockdale Blackhawk, LLC.

10. All ad valorem taxes on the real property sold by the Trustee were paid at closing and the 2020 taxes prorated. A tax claim has been filed relating to personal property, but the Trustee has no knowledge of any personal property belonging to the Limited Estate and has not administered any such personal property.

### IV. GROUNDS FOR RELIEF

11. Once a bankruptcy estate has been fully administered by a Chapter 7 trustee, distributions and final reports are governed by 11 U.S.C. § 726, with the priority scheme created by 11 U.S.C. § 507 governing entitlement to disbursements from the bankruptcy estate. In the Limited Estate, there are insufficient funds to reach beyond payment of the administrative costs of the Limited Estate and the outstanding secured claims of Lenders as contemplated in the Order. As such, pursuant to the priority scheme created by 11 U.S.C. § 507, the disbursements proposed herein by the Trustee are just and proper.

12. Pursuant to 11 U.S.C. § 326, the Trustee is entitled to statutory commission in accordance with the priority scheme created by 11 U.S.C. § 507. As such, the Trustee requests approval from the Court for his statutory commission as described above.

### V. PRAYER

The Trustee respectfully requests that the Court: (i) grants the relief requested in the Motion and grants the Trustee such other and further relief to which it may be justly entitled, both at law and in equity.

Respectfully submitted,

By:/s/ *James Studensky*
James Studensky, Chapter 7 Trustee
State Bar No. 19440000

                                                GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926
bcumings@gdhm.com

By:*/s/ Brian T. Cumings*
     Brian T. Cumings
     State Bar No. 24082882

**COUNSEL FOR JAMES STUDENSKY, CHAPTER 7 TRUSTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 17th day of August, 2020, I electronically filed this Motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to those receiving electronic service, or service was made by as reflected below. Copies of the Motion, excluding Exhibits, is being served on those on the appended Service Lists; in order to save costs, copies of the Exhibits to those persons will not be mailed but rather will be promptly provided upon request by email to bcumings@gdhm.com , subject line "18-60526 Little River".

| | |
|---|---|
| Little River Healthcare Holdings, LLC<br>Attn: Ronald Winters, Former Chief Restructuring Officer<br>1700 Brazos Ave<br>Rockdale, TX 76567<br>rwinters@hcmpllc.com | Office of the United States Trustee<br>Attn: Shane P. Tobin<br>903 San Jacinto, Room 230<br>Austin, TX 78701<br>Shane.P.Tobin@usdoj.gov |
| Vinson & Elkins, LLP<br>Attn: Bill Wallander; Matt Pyeatt; Bradley Foxman<br>Trammell Crow Center<br>2001 Ross Avenue, Suite 3700,<br>Dallas, TX 75201-2975<br>bwallander@velaw.com;<br>mpyeatt@velaw.com;<br>bfoxman@velaw.com<br>*Attorneys for Monroe Capital Management Advisors, LL* | Morris D. Weiss<br>Waller Lansden Dortch & Davis, LLP<br>100 Congress Ave.<br>18th Floor<br>Austin, TX 78701<br>Morris.Weiss@wallerlaw.com<br>*Debtors' Counsel* |

                                                By:*/s/ Brian T. Cumings*
                                                   Brian T. Cumings