**The relief described hereinbelow is SO ORDERED.**

**Signed September 01, 2020.**

_____
**Ronald B. King
Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| IN RE: § | |
| LITTLE RIVER HEALTHCARE § | CASE NO. 18-60526-RBK |
| HOLDINGS, LLC, *et al.*,[1] § | |
| § | CHAPTER 7 |
| Debtors. § | |

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR ORDER
ESTABLISHING STREAMLINED PROCEDURES GOVERNING
ADVERSARY PROCEEDINGS BROUGHT BY TRUSTEE PURSUANT
TO SECTIONS 502, 547, 548 AND 550 OF THE BANKRUPTCY CODE**

Upon the *Motion of the Chapter 7 Trustee for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Trustee Pursuant to Sections 502, 547, 548 and 550 of the Bankruptcy Code* (the "Motion"),[2] filed by James Studensky, the duly appointed Chapter

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Compass Pointe Holdings, LLC (1142), Little River Healthcare Holdings, LLC (7956), Timberlands Healthcare, LLC (1890), King's Daughters Pharmacy, LLC (7097), Rockdale Blackhawk, LLC (0791), Little River Healthcare - Physicians of King's Daughters, LLC (5264), Cantera Way Ventures, LLC (7815), and Little River Healthcare Management, LLC (6688)

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

10

7 Trustee (the "Trustee") for Little River Healthcare Holdings, LLC, *et al*. (the "Debtors"), by and through his undersigned counsel, for entry of a procedures order (the "Procedures Order") establishing streamlined procedures governing the adversary proceedings brought by the Trustee pursuant to §§ 502, 547, 548, and 550 of the Bankruptcy Code identified on **Exhibit 1** attached hereto (each an "Avoidance Action," and collectively, the "Avoidance Actions"); and the Court having jurisdiction to consider and determine the Motion in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the relief requested therein having been provided; and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and upon all proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish cause for the relief granted herein; and such relief is in the best interests of the Debtors' estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

   **IT IS HEREBY ORDERED THAT:**

   1.  All parties to the Avoidance Actions shall be governed by the following procedures (the "Avoidance Action Procedures"), which Avoidance Action Procedures are hereby approved and shall govern the Avoidance Actions, effective as of the date of this Order:

   (a) **Extensions to Answer or File Other Responsive Pleading to the Complaint.** The Avoidance Action Procedures automatically extend the time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action by ninety (90) calendar days such that an answer or other responsive pleading is due within ninety (90) calendar days after issuance of the summons.

   (b) **Settlement Procedures.** The following Settlement Procedures are applicable in the Avoidance Actions:

      i.     No Settlement will be effective unless it is executed by an authorized representative of the Trustee.

      ii.    With regard to any Settlement of an Avoidance Action with an amount in controversy equal to or less than $100,000, for the settlement of the Avoidance Action: the Trustee is authorized to settle such Avoidance Action (including, for the avoidance of doubt, any related cross-claims) if the terms of the Settlement are reasonable in the judgment of the Trustee upon consideration of: (A) the probability of success if the Avoidance Action is litigated or arbitrated; (B) the complexity, expense, and likely duration of any litigation or arbitration with respect to the Avoidance Action; (C) other factors relevant to assessing the wisdom of the Settlement; (D) the fairness of the Settlement to the Trustee and the estates, creditors, and shareholders, taking into account the nature of the Avoidance Action at issue; and (E) the extent to which the Settlement is truly the product of arm's-length bargaining, and not of fraud or collusion. The Trustee may, in his discretion, enter into, execute, and consummate a written agreement of Settlement that will be binding on the Trustee and the estates without notice by the Trustee to any third party or further action by this Court.

      iii.   With regard to any Settlement of an Avoidance Action with an amount in controversy greater than $100,000, or any settlement of the Avoidance Action with a settlement amount greater than $100,000, for the settlement of an Avoidance Action, the Trustee will compromise and settle the Avoidance Action in accordance with the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules.

(c) **Miscellaneous.**

      iv.   The Local Bankruptcy Rules shall apply, except that the Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with the Local Bankruptcy Rules.

      v.    The deadlines and/or provisions contained in the Procedures Order may be extended and/or modified by the Court upon written motion for good cause shown or consent of the parties pursuant to a stipulation filed with the Court.

2. The time periods set forth in this Order and the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

3. The Court retains jurisdiction with respect to all matters arising from or related to the implantation of this Order.

4. The Trustee will cause a copy of this Order to be filed on the docket in each of the Avoidance Actions.

5. This Order shall be effective immediately upon its entry.

###

ORDER SUBMITTED BY:

/s/ *Jennifer F. Wertz*
Jennifer F. Wertz
State Bar No. 24072822
JACKSON WALKER LLP
100 Congress Avenue, Suite 1100
Austin, TX 78701
(512) 236-2247 – direct dial
(512) 391-2147 – direct fax
Email: jwertz@jw.com

Vienna F. Anaya
State Bar No. 24091225
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201
(214) 953-6047 – direct dial
(214) 661-6647 – direct fax
Email: vanaya@jw.com

**COUNSEL FOR JAMES STUDENSKY, CHAPTER 7 TRUSTEE**

# EXHIBIT 1
## LIST OF AVOIDANCE ACTIONS

| # | Associated Case | Adversary Proceeding No. |
|---|---|---|
| 1 | 20-06012-rbk James Studensky v. Abbvie US LLC | 20-06012 |
| 2 | 20-06013-rbk James Studensky v. Agilent Technologies, Inc. | 20-06013 |
| 3 | 20-06014-rbk James Studensky v. Altaworx LLC | 20-06014 |
| 4 | 20-06015-rbk James Studensky v. Arthrex, Inc. | 20-06015 |
| 5 | 20-06016-rbk James Studensky v. Beckman Coulter, Inc. | 20-06016 |
| 6 | 20-06017-rbk James Studensky v. Bio-Rad Laboratories, Inc. | 20-06017 |
| 7 | 20-06018-rbk James Studensky v. Central Texas Oncology and Palliative Care Managem | 20-06018 |
| 8 | 20-06019-rbk James Studensky v. Central Texas Pathology Laboratory, P.A. | 20-06019 |
| 9 | 20-06020-rbk James Studensky v. Central Texas Urologic Associates, P.A. | 20-06020 |
| 10 | 20-06021-rbk James Studensky v. Dahill Office Technology Corporation | 20-06021 |
| 11 | 20-06022-rbk James Studensky v. Ecomed Imaging Services, LLC | 20-06022 |
| 12 | 20-06023-rbk James Studensky v. Fujifilm Medical Systems USA, Inc. | 20-06023 |
| 13 | 20-06024-rbk James Studensky v. Genzyme Corporation | 20-06024 |
| 14 | 20-06025-rbk James Studensky v. Georgetown Orthopedics, P.L.L.C. | 20-06025 |
| 15 | 20-06026-rbk James Studensky v. Georgetown Pulmonary Associates P.A. | 20-06026 |
| 16 | 20-06027-rbk James Studensky v. Group & Pension Administrators, LLC | 20-06027 |
| 17 | 20-06028-rbk James Studensky v. Hing-Sheung Eugene Fung, M.D., P.A. | 20-06028 |
| 18 | 20-06029-rbk James Studensky v. Intrinsiq Specialty Solutions, Inc. | 20-06029 |
| 19 | 20-06030-rbk James Studensky v. Masergy Communications, Inc. | 20-06030 |
| 20 | 20-06031-rbk James Studensky v. Microport Orthopedics Inc | 20-06031 |
| 21 | 20-06032-rbk James Studensky v. Quest NS Southwest, LLC | 20-06032 |
| 22 | 20-06033-rbk James Studensky v. Ronald L. Cox, MD, Inc. | 20-06033 |
| 23 | 20-06034-rbk James Studensky v. Roopal Bhatt M.D., P.A. | 20-06034 |
| 24 | 20-06035-rbk James Studensky v. Specialty Pharmacy Services Inc. | 20-06035 |
| 25 | 20-06036-rbk James Studensky v. Steven Turner Wright, M.D., P.A. | 20-06036 |
| 26 | 20-06037-rbk James Studensky v. Tex Elect, Inc. | 20-06037 |
| 27 | 20-06038-rbk James Studensky v. Wright Medical Technology, Inc. | 20-06038 |
| 28 | 20-06039-rbk James Studensky v. Richards Hospital, Inc. | 20-06039 |
| 29 | 20-06040-rbk James Studensky v. Equity Bastrop Investments, LLC | 20-06040 |
| 30 | 20-06041-rbk James Studensky v. Stericycle, Inc. | 20-06041 |
| 31 | 20-06042-rbk James Studensky v. Greenway Technologies, Inc. et 2693al | 20-06042 |
| 32 | 20-06043-rbk James Studensky v. Hologic, Inc. et al | 20-06043 |
| 33 | 20-06044-rbk James Studensky v. Janelle House Professional Association et al | 20-06044 |
| 34 | 20-06045-rbk James Studensky v. Modular Space Corporation et al | 20-06045 |
| 35 | 20-06046-rbk James Studensky v. Praxair, Inc. et al | 20-06046 |
| 36 | 20-06047-rbk James Studensky v. 3M Health Information Systems, Inc. | 20-06047 |
| 37 | 20-06048-rbk James Studensky v. Leica Microsystems Inc. | 20-06048 |
| 38 | 20-06049-rbk James Studensky v. Medtronic USA, Inc. | 20-06049 |

| # | Associated Case | Adversary Proceeding No. |
|---|---|---|
| 39 | 20-06050-rbk James Studensky v. Advanced Analytical Services, L.L.C. et al | 20-06050 |
| 40 | 20-06051-rbk James Studensky v. Pharmerica Hospital Pharmacy Services, LLC et al | 20-06051 |
| 41 | 20-06052-rbk James Studensky v. Siemens Healthcare Diagnostics, Inc. | 20-06052 |
| 42 | 20-06053-rbk James Studensky v. Stryker Sales Corporation, Stryker Endoscopy a Div | 20-06053 |
| 43 | 20-06055-rbk James Studensky v. Thompson MD | 20-06055 |
| 44 | 20-06058-rbk James Studensky v. Stryker Sales Corporation, Stryker Instruments, A | 20-06058 |
| 45 | 20-06060-rbk James Studensky v. Zimmer US, Inc. | 20-06060 |
| 47 | 20-06063-rbk James Studensky v. A&A Telecom Group, Inc. et al | 20-06063 |
| 48 | 20-06064-rbk James Studensky v. Aramark Uniform Services (Texas) LLC et al | 20-06064 |
| 49 | 20-06065-rbk James Studensky v. Engage Healthcare Marketing LLC et al | 20-06065 |
| 50 | 20-06066-rbk James Studensky v. Georgetown OB-GYN, L.L.P. et al | 20-06066 |
| 51 | 20-06067-rbk James Studensky v. Sparks Anesthesia Associates, PLLC | 20-06067 |
| 52 | 20-06068-rbk James Studensky v. Healthcare Trust, Inc. | 20-06068 |
| 53 | 20-06069-rbk James Studensky v. Cortex Medical Management Sytems, Inc. | 20-06069 |
| 54 | 20-06070-rbk James Studensky v. Infusion Management, LLC | 20-06070 |
| 55 | 20-06071-rbk James Studensky v. Principal Life Insurance Company | 20-06071 |
| 56 | 20-06072-rbk James Studensky v. McGinnis | 20-06072 |
| 57 | 20-06073-rbk James Studensky v. REVMD Partners | 20-06073 |
| 58 | 20-06074-rbk James Studensky v. Male | 20-06074 |
| 59 | 20-06075-rbk James Studensky v. Texas Mutual Insurance Company | 20-06075 |
| 60 | 20-06076-rbk James Studensky v. UPDOX LLC | 20-06076 |
| 61 | 20-06077-rbk James Studensky v. HP Waco FP, LLC et al | 20-06077 |
| 62 | 20-06078-rbk James Studensky v. Community Healthcare Trust Inc. et al | 20-06078 |
| 63 | 20-06079-rbk James Studensky v. JWC Rentals, LLC et al | 20-06079 |
| 64 | 20-06080-rbk James Studensky v. Simply Direct Health, PLLC et al | 20-06080 |
| 65 | 20-06081-rbk James Studensky v. Med One Capital Funding - Texas, L.P. et al | 20-06081 |
| 66 | 20-06082-rbk James Studensky v. Mitchell et al | 20-06082 |
| 67 | 20-06083-rbk James Studensky v. Penmetsa et al | 20-06083 |
| 68 | 20-06084-rbk James Studensky v. Metropolitan Life Insurance Company | 20-06084 |
| 69 | 20-06085-rbk James Studensky v. Enterprise Fleet Management, Inc. et al | 20-06085 |
| 70 | 20-06086-rbk James Studensky v. Stryker Corporation et al | 20-06086 |
| 71 | 20-06087-rbk James Studensky v. AmerisourceBergen Drug Corporation | 20-06087 |
| 72 | 20-06088-rbk James Studensky v. LTC Support Services PLLC et al | 20-06088 |
| 76 | 20-06092-rbk James Studensky v. Regus Corporation | 20-06092 |